OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on August 23, 1995 under the name Scott Alan Stern. Respondent committed the acts that give rise to this proceeding within the First Judicial Department.
The Departmental Disciplinary Committee moves for an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) and (ii) immediately suspending respondent from the practice of law based upon his substantial admissions under oath that he has committed acts of professional misconduct and his failure to comply with lawful demands of the Committee made in connection with its investigation of his conduct.
On January 19, 2010, respondent pleaded guilty to three counts of aggravated harassment in the second degree (Penal Law § 240.30, a class A misdemeanor), and two counts of stalking in the fourth degree (Penal Law § 120.45, a class B misdemeanor). Respondent’s prosecution stemmed from his threats to do bodily harm to certain judges as well as the lawyers who represented his landlord in a residential nonpayment proceeding. As a condition of the plea, respondent was required to resign from the bar without the possibility of an application for reinstatement. On April 12, 2010, respondent submitted a purported affidavit of resignation from the bar and was sentenced to a conditional discharge. The Committee moved this Court on April 29, 2010 for an order accepting respondent’s resignation from the practice of law and striking his name from the roll of attorneys. This Court, however, notified respondent that the motion could not be granted because respondent’s signature on the affidavit was not notarized as required by 22 NYCRR 603.11. Respondent then submitted another affidavit that, although notarized, was deficient because it omitted the required acknowledgment that respondent could not have successfully defended himself on the merits with respect to any charges predicated on the misconduct being investigated by the Committee (see 22 NYCRR 603.11 [a] [3]). Upon respondent’s failure to submit a sufficient affidavit of resignation, this Court denied the motion and remanded the matter to the Committee “for further disciplinary proceedings including the issue of respondent’s capacity.”
*128 On remand, the Committee examined respondent under oath on April 7, 2011. During his testimony, respondent admitted that in February 2009, he told a court clerk that he should be taken seriously and was “seriously considering resorting to violence.” At the examination, respondent also acknowledged his plea allocution by which he admitted that on February 17, 2009 he asked the clerk whether he would have to “come back [to the courthouse] with a bat.” Respondent also admitted at his examination that he sent a box cutter to a judge along with a letter directing her to show it to six other judges as well as his landlord’s attorneys. The foregoing admitted threats of violence against judges and opposing counsel constitute professional misconduct in that they are prejudicial to the administration of justice (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Such threats constitute misconduct for the additional reason that they are illegal and adversely reflect on respondent’s fitness as a lawyer (see id. rule 8.4 [b]).
Pursuant to this Court’s remand order, the Committee also attempted to have respondent examined by a psychiatrist for the purpose of obtaining an evaluation of his mental capacity. Respondent has failed to comply with the Committee’s several demands that he make himself available for the necessary psychiatric examination.
Respondent’s interim suspension is warranted because he has made substantial admissions under oath that he has committed acts of professional misconduct that immediately threatens the public interest. The requested relief is warranted also because respondent has failed to comply with the Committee’s lawful demand that he cooperate with its investigation by making himself available for a psychiatric examination.
Accordingly, the Committee’s motion should be granted to the extent provided by 22 NYCRR 603.4 (e) (1) (i) and (ii) and respondent immediately suspended from the practice of law, and until the further order of this Court.
Mazzarelli, J.P., Sweeny, Saxe, DeGrasse and ManzanetDaniels, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.